[No. 2237.  Decided June 29, 1896.]

M. M. TAYLOR, *Appellant*, v. CITY COUNCIL OF TACOMA
*et al., Respondents.*

OFFICERS — REMOVAL FOR MISCONDUCT — APPEAL.

The supreme court will not review the evidence in a special proceeding instituted under the provisions of Laws 1895, ch. 65, p. 114, unless settled in a statement of facts or bill of exceptions, and certified by the judge of the trial court, in accordance with Laws 1893, p. 115, § 11, as containing all the material facts.

Appeal from Superior Court, Pierce County.—Hon. W. H. PRITCHARD, Judge.  Affirmed.

*Francis W. Cushman, Edward E. Cushman,* and *Charles Ethelbert Claypool,* for appellant.

*John Paul Judson,* and *W. H. H. Kean* (*Stacy W. Gibbs,* of counsel), for respondent.

The opinion of the court was delivered by

GORDON, J.—This was a special proceeding instituted under chapter 65, Laws 1895 (p. 114) in the superior court of Pierce county, for the purpose of reviewing the proceedings taken by the city council of the city of Tacoma in removing the appellant from his position as a member of the Board of Public Works of said city, said proceedings for removal having been based upon the formal charges filed with said council in accordance with the provision contained in its freeholders' charter.

Upon the hearing in the lower court, it was stipulated by counsel for the respective parties that a purported transcript of the testimony and exhibits taken and received upon the trial before the council, (which transcript the appellant had prepared and attached to

the stipulation), contained "all of the material evidence and testimony that was offered both by the prosecution and defense in the trial of M. M. Taylor before the city council of Tacoma . . . not; however, waiving any right on the part of the defendant to object to the filing of the same or consideration thereof by the court of review."

This purported transcript of the evidence taken before the council is brought to this court pursuant to the following order of the superior court, viz.:

" Now on this 4th day of March, 1896, it appearing to the court that the above named plaintiff has appealed this said cause to the supreme court of the state of Washington, and that the transcript of testimony on file herein will be material for the review of said cause on appeal, it is hereby ordered that the original transcript of said testimony on file in this superior court may be used as a part of said record on appeal and transmitted to the said supreme court.

W. H. PRITCHARD, Judge."

A motion has been made to strike the statement of facts herein for the reason, among others, that " There is no certificate of the trial judge as to their authenticity or correctness," and we think the motion must prevail.

Counsel for the appellant in opposition to the motion, insist that —

" There is no provision in the act of 1895 . . . requiring that the bill of exceptions should be certified to by any one, though there is no doubt that it should be regulated by statute or rule of court, but it has not been done."

We are unable to agree with this insistment.    Section 34 of chapter 65, *supra*, is as follows :

"Except as otherwise provided in this act, the provisions of the Code of Procedure concerning civil

actions are applicable to and constitute the rules of practice in the proceedings in this act."

We see no reason why the bill of exceptions or statement of facts in this case could not have been settled as provided by §§ 8, 9 and 11 of the act of March 8, 1893 (Laws 1893, p. 114), and we think that the procedure there provided for should have been followed. The order of the judge above set out does not meet the requirements of the certificate provided for by § 11 of the act of 1893, *supra*, and we are unable to say from this record that the so-called "transcript" of the evidence received before the council contains "all the material facts" upon which a trial or a hearing of this cause proceeded in the lower court.

We think that the charges upon which the appellant was tried and removed from office by the council of said city were sufficient to give that body jurisdiction, and it follows that the judgment appealed from must be affirmed.

HOYT, C. J., and DUNBAR, ANDERS and SCOTT, JJ., concur.